IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROY MCGRAW )
) Case No: 2:10-CV-198
v. ) MATTICE/CARTER
)
MICHAEL J. ASTRUE, )
    Commissioner of Social Security )

## REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of the plaintiff's Motion for Summary Judgment (Doc. 10) and defendant's Motion for Summary Judgment (Doc. 13).

For reasons that follow, I RECOMMEND the decision of the Commissioner be AFFIRMED.

### Plaintiff's Age, Education, and Past Work Experience

Plaintiff has a marginal education and was fifty years old at the time of the ALJ's decision (Tr. 15). He does not have past relevant work (Tr. 15). The vocational expert testified that if a person could not perform jobs that required exposure to excessive dust, light and sedentary jobs would not be limited by any significant degree (Tr. 26).

1

## Applications for Benefits

Plaintiff applied for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 19, 2008, alleging disability since January 8, 1991, due to lung problems that caused shortness of breath (Tr. 10, 181). After his applications were denied initially and upon reconsideration, Plaintiff requested an administrative hearing (Tr. 10). The administrative law judge (ALJ) held hearings in July 2009 and January 2010, at which Plaintiff appeared with counsel and testified, along with a vocational expert and a medical expert (Tr. 10, 21-30, 35-45). In a decision dated February 2, 2010, the ALJ found that Plaintiff was not disabled because he could perform a significant number of jobs in the national economy despite the limitations caused by his impairments (Tr. 10-17). On July 28, 2010, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review (Tr. 1, 12). See 20 C.F.R. §§ 404.955, 404.981.[1] Under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## Standard of Review - Findings of the ALJ

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §423(d)(1)(A). The burden of proof in a claim for Social Security benefits is upon the claimant to show disability. *Barnes v.*

---

[1] The regulations governing DIB and SSI are codified independently, but those relevant to this case are virtually identical. Therefore, we cite solely to the regulations governing DIB, found at 20 C.F.R. §§ 404.900-.999 and 20 C.F.R. §§ 404.1500-.1599. The parallel SSI regulations may be found at 20 C.F.R. §§ 416.1400-.1499 and 20 C.F.R. §§ 416.900-.999.

*Secretary, Health and Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once, however, the plaintiff makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The Court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit ("Sixth Circuit") has held that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Garner*, 745 F.2d at 388 (citation omitted). The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky*

*v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After consideration of the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 1994.

2. The claimant has not engaged in substantial gainful activity since January 8, 1991, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*, 416.920(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairment: a respiratory disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday) that does not involve excessive exposure to vapors, fumes, and dust.(20 CFR 404.1567(b) and 416.967(b)).

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on xxxx, xx, 1959 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 8, 1991 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-16).

## Issues Presented

Plaintiff raises the following issue: Whether the Commissioner's decision is supported by substantial evidence.

## Relevant Facts

A. <u>Personal and Vocational Evidence and Testimony</u>

Plaintiff has a marginal education and was fifty years old at the time of the ALJ's decision (Tr. 15). Plaintiff testified that, since being in a house fire in 1991, he occasionally lost his breath for two to three minutes when lying down to sleep (Tr. 41-43). He stated he also had trouble breathing when mowing the yard. Plaintiff testified he did not have difficulty breathing if he was "just sitting around" (Tr. 41). He stated he received no treatment because he had no insurance and no way to pay for treatment (Tr. 42).

The vocational expert testified that if a person could not perform jobs that required exposure to excessive dust, light and sedentary jobs would not be limited by any significant degree (Tr. 26).

B. <u>Medical Evidence</u>

In August 2009, Dr. Robert Blaine examined Plaintiff based on complaints of shortness of breath. Plaintiff reported that he suffered lung damage in a fire in 1991 and had spells of

5

shortness of breath since then (Tr. 357). He continued to smoke half a pack of cigarettes per day. On examination, Plaintiff had no shortness of breath and his lungs sounded clear. Besides some limitation in internal rotation of his hips, Plaintiff had full range of motion in all joints and his spine (Tr. 358). Reflexes were diminished in his arms and ankles, but otherwise normal; straight leg raise was negative; strength was normal (5/5); station and gait were normal; and Plaintiff could tandem walk, heel and toe walk, single leg stand, and squat full to the floor with no trouble (Tr. 358). An x-ray of Plaintiff's chest showed no active disease (Tr. 360). On pulmonary function testing, Plaintiff gave only moderate effort (Tr. 361). Dr. Blaine diagnosed Plaintiff with shortness of breath and opined that he could stand or walk for two to three hours and sit for eight hours in an eight hour day, and could lift and carry up to 20 pounds frequently and 21 to 50 pounds very infrequently (Tr. 359).

     Dr. Blaine also completed a form in which he opined that Plaintiff could lift 21 to 50 pounds occasionally and 11 to 20 pounds frequently; could carry up to 10 pounds continuously and 11 to 20 pounds occasionally; could sit for four hours continuously and eight hours per eight-hour day; could stand for one hour continuously and three hours per eight-hour day; and could walk for 30 minutes continuously and one hour per eight-hour day (Tr. 369-70). He further opined Plaintiff could frequently reach (overhead), push/pull with both hands, operate foot controls with both feet, balance, stoop, kneel, crouch, and crawl; could occasionally climb stairs, ramps, ladders, and scaffolds, and tolerate exposure to unprotected heights, humidity and wetness, extreme cold, and extreme heat; and should never be exposed to dust, odors, fumes, and pulmonary irritants (Tr. 371-73).

At Plaintiff's hearing, Dr. Theron Blickenstaff testified as a medical expert (Tr. 23-25). After a review of the medical evidence he concluded the only relevant part of the record was Dr. Blaine's consultative examination (Tr. 23). He noted Dr. Blaine's physical examination was unrevealing, Plaintiff's chest x-ray was normal, and spirometry readings were slightly reduced, but Plaintiff's effort was only moderate and there was not a significant change after administrating a bronchodilator (Tr. 23-24). It was has opinion that the record did not disclose clear objective evidence of an impairment (Tr. 24). Considering Plaintiff's history, Dr. Blickenstaff opined Plaintiff should avoid exposure to high levels of vapors, fumes, and dust (Tr. 24). Any other limitations would depend on Plaintiff's subjective complaints and credibility (Tr. 24).

## Analysis

The ALJ found Plaintiff was significantly limited due to his impairments, but was not disabled because he could perform light work that did not involve excessive exposure to vapors, fumes, and dust (Tr. 13). The medical evidence, including medical expert testimony, supports the ALJ's findings regarding the nature and severity of Plaintiff's limitations. The ALJ's residual functional capacity finding accommodated the limitations supported by the credible evidence in the record.

Plaintiff argues the ALJ's residual functional capacity (RFC) assessment is not supported by substantial evidence, the ALJ failed to give proper weight to the opinion of Dr. Blaine, and failed to discuss all the limitations of Dr. Blaine's opinion and give reasons for rejecting them, requiring remand (Doc. 11, Plaintiff's Brief p. 5). However, as the Commissioner notes, Dr.

7

Blaine was not a treating physician, and, therefore, the weighing of his opinion did not require the heightened degree of explanation from the ALJ. See Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 507 (6th Cir. 2006) ("Here, by contrast, the ALJ neither misstated nor ignored a treating physician's opinion; he merely failed to explain why he favored several examining physicians' opinions over another's. The regulation at issue in Wilson [requiring an ALJ to give good reasons for the weight accorded a treating physician's opinion] simply does not apply . . . ."); see also Boseley v. Comm'r of Soc. Sec., No. 09-6058, 2010 WL 3927043, at *4 (6th Cir. Sept. 30, 2010) ("Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion.").

      The ALJ noted that he gave considerable weight to Dr. Blaine's opinion relating to Plaintiff's ability to lift and carry up to 20 pounds (Tr. 15). However, the ALJ found that Dr. Blaine's opinion limiting Plaintiff to standing and walking two to three hours in an eight-hour day was not supported by his own examination of Plaintiff, which showed "full range of motion of all joints and extremities, normal gait, and ability to ambulate without assistance" (Tr. 15). See 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). The ALJ further noted that "such limitation is not consistent with the other objective evidence of record including treatment records and the testimony of Dr. Blickenstaff" (Tr. 15). See id. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion."). Dr. Blickenstaff noted that Dr. Blaine's physical examination was unrevealing, Plaintiff's chest x-ray was normal, and spirometry readings were slightly reduced, but Plaintiff's effort was only moderate and there was not a

significant change after administrating a bronchodilator (Tr. 23-24). Further, D. Blickenstaff reviewed the exhibits in the file which included Plaintiff's entire medical file from April 1, 1997 to December 26, 2007. Dr. Blickenstaff concluded the record did not disclose clear objective evidence of an impairment, and his only opined limitation was that Plaintiff should avoid exposure to high levels of vapors, fumes, and dust (Tr. 24). Because Dr. Blaine's opinion lacked support and was inconsistent with other substantial evidence in the record and because the entire medical record included few complaints of shortness of breath, the ALJ accepted the conclusion of Dr. Blickenstaff.

The ALJ did consider Dr. Blaine's opinion. He indirectly refers to it through the opinion of Dr. Blickenstaff and then directly addressed that portion of Dr. Blaine's opinion on which he relied:

> The objective evidence of record can best be analyzed and summarized by testimony of the medical expert. Dr. Theron Blickenstaff testified there is limited evidence of record and the only relevant part is a consultative examination in August 2009 (Exhibit 4F). Physical examination as unrevealing. A chest x-ray was obtained and interpreted as normal. Spirometry testing was performed with slight reduction in value; however, the effort was described as moderate rather than maximum. There was not a significant change after administering bronchodilator. Dr. Blickenstaff opined the record does not disclose clear, effective evidence of impairment. He noted that, with the claimant's history, a limitation to avoid exposure to high levels of vapors, fumes, and dust would not be unreasonable; however, any other limitations would depend on credibility and subjective complaints.
>
> Based on a review of all the evidence of record, the undersigned finds there is insufficient evidence to establish that the claimant had a severe impairment or combination of impairments that resulted in disability on or prior to March 31, 1994, the claimant's date last insured for Title II benefits. There is no documentary evidence of any physical or mental conditions or treatment prior to April 1, 1997. Thus, the undersigned finds that, during the period January 8, 1991

9

through March 31, 1997, the claimant did not have a severe impairment or combination of impairments which imposed significant work restrictions.

The undersigned further finds that, subsequent to March 31, 1994, the claimant has a severe respiratory disorder and should be restricted to light work (lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday) that does not involve excessive exposure to vapors, fumes, and dust.

While the claimant has been found to have a severe impairment, the record fails to substantiate the claimant's allegations of total disability. The claimant has had very limited medical treatment. Records through 2005 show the claimant was seen on a few occasions through the emergency room for acute respiratory symptoms which resolved with short-term conservative treatment (medication). Examination on September 1, 2006 revealed no respiratory abnormalities. Breath sounds were normal. Respirations were 18 and oxygen saturation was 98% on room air. Recent consultative examination on August 24, 2009 also showed the lungs were clear to auscultation and the claimant was not short of breath. There was regular heart rhythm without murmurs, gallops, or rubs. Pulses were 2+ bilaterally. Chest x-rays spanning a number of years (December 2003 and December 2005) as well as most recent chest x-ray on August 24, 2009 were also normal. Further, the claimant is prescribed no medication and is not followed by a primary care physician or other practitioner for any condition. The claimant attributes lack of treatment due to financial issues. However, there are agencies where the claimant could obtain treatment on a "pay-as-able" basis if he met the criteria of such agency. There is no indication that the claimant has attempted to obtain such treatment. The claimant's credibility is further diminished by his failure to attend consultative pulmonary function testing on two separate occasions and his failure to put forth maximum effort on recent pulmonary function testing. . .

. . .

. . . The undersigned gives considerable weight to Dr. Blaine's opinion as it relates to the claimant's ability to lift and carry up to 20 pounds frequently; however, the undersigned finds Dr. Blaine's assessed limitations of standing and walking two to three hours in an eight-hour day are not supported by his own examination of the claimant which showed full range of motion of all joints and extremities, normal gait, and ability to ambulate without assistance. Further, such limitation is not consistent with the other objective evidence of record including treatment records and the testimony of Dr. Blickenstaff which has been afforded significant weight.

(Tr. 14 and 15).

I conclude there is substantial evidence to support the RFC assessment of the ALJ based on the lack of significant treatment in Plaintiff's treatment record, his moderate effort in the pulmonary function tests and the opinion of Dr. Blickenstaff who had the opportunity to review the report of Dr. Blaine and all of Plaintiff's prior medical record contained in the case file.

Plaintiff's final argument is that the ALJ should have ordered further testing, based on Dr. Blickenstaff's testimony (Doc. 11, Plaintiff's Brief p. 8). Although Dr. Blickenstaff testified additional testing could be performed, he did not say that such testing was necessary (Tr. 24-25). His review of the current record was sufficient for him to render an opinion regarding Plaintiff's limitations (Tr. 23-24). Moreover, additional testing had been previously ordered, but Plaintiff did not go to the testing (Tr. 25-26). Plaintiff's legal support for his argument is <u>Porzondek v. Sec'y of HHS</u>, No. 92-133, 1993 WL 15135, at *2 (6th Cir. Jan. 22, 1993), which held that "[t]he Commissioner's failure to order a consultative examination or to seek the advice of a medical examiner resulted in a failure to meet his burden of proof." (Doc. 11, Plaintiff's Brief, p. 8). In this case, the ALJ did seek the advice of a medical expert, Dr. Blickenstaff, who concluded the record did not disclose clear objective evidence of an impairment, and his only opined limitation was that Plaintiff should avoid exposure to high levels of vapors, fumes, and dust (Tr. 24). Because Dr. Blaine's opinion lacked support and was inconsistent with other substantial evidence in the record and because the entire medical record included few complaints of shortness of breath, the ALJ accepted the conclusion of Dr. Blickenstaff. (Tr. 24). The ALJ pointed out that despite Plaintiff's alleged shortness of breath, he continues to smoke a half pack

11

of cigarettes a day (Tr. 14-15). The ALJ, nonetheless, gave Plaintiff the benefit of the doubt by additionally limiting him to light work based on his respiratory disorder (Tr. 15). And, even if further limited to sedentary work, the vocational expert testified that available jobs would not be limited by any significant degree (Tr. 26). The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. Based on a review of the evidence as a whole, including the lack of prior treatment and the opinion of the medical expert, I conclude the ALJ's decision is supported by substantial evidence and further testing was not required.

Conclusion

For the reasons stated herein, I conclude there is substantial evidence to support the conclusion of the ALJ and I therefore RECOMMEND the Commissioner's decision be AFFIRMED.

I further RECOMMEND defendant's Motion for Summary Judgment (Doc. 13) be GRANTED, and plaintiff's Motion for Summary Judgment (Doc. 10) be DENIED.[2]

                                         s/William B. Mitchell Carter
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).